IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | 8:08CV444 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JAMES MARR, Sheriff of Nuckolls County, Nebraska, | ) ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Respondent's Motion to Dismiss. (Filing No. 9.) Petitioner Richard Otto Hansen ("Hansen") submitted a Response to the Motion. (Filing No. 12.) As set forth below, the Motion to Dismiss is granted.

## I.   BACKGROUND

    Hansen filed his Petition for Writ of Habeas Corpus ("Petition") in this matter on October 6, 2008. (Filing No. 1.) The Petition sets forth three claims:

Claim One:    Petitioner's conviction was obtained by a plea of no contest which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea *because* the prosecution induced Petitioner to plead to "an alleged amended charge of Pandering . . . by misrepresentations, including unfulfilled or unfulfillable promises."

Claim Two:    Petitioner's conviction was obtained by a plea of no contest which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the

        consequences of the plea *because* Petitioner's trial counsel induced Petitioner to plead to "an alleged amended charge of Pandering . . . by misrepresentations, including unfulfilled or unfulfillable promises."

Claim Three:  Petitioner's conviction was obtained by a plea of no contest which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea *because* language found in Nebraska Revised Statutes § 27-410 induced Petitioner to plead to "an alleged amended charge of Pandering . . . by misrepresentations, including unfulfilled or unfulfillable promises."

(*Id.* at CM/ECF pp. 3-9.)

On October 30, 2003, Hansen pled no contest and was convicted of one count of Pandering. (*Id.* at CM/ECF pp. 1-2.) He was sentenced to serve 20 to 60 months in prison on that charge. (*Id.* at CM/ECF p. 1.) At the time the Petition was filed, Hansen's "state sentence ha[d] been fully served" and he was "no longer in the custody of the State of Nebraska." (*Id.* at CM/ECF p. 4.) However, on June 2, 2008, the Nuckolls County, Nebraska county attorney filed a criminal complaint against Hansen for failure to register as a sex offender. (*Id.* at CM/ECF p. 29.)

Respondent filed a Motion to Dismiss on October 30, 2008, arguing that the Petition must be dismissed because Hansen is not "in custody" as required by 28 U.S.C. § 2254(b)(1)[1]. (Filing No. 10 at CM/ECF p. 1.) Hansen filed a Response to

---

[1] Respondent also argues that the Petition is successive. However, Respondent fails to identify a previous case in which Hansen challenged his October 30, 2003

the Motion arguing that the requirement that he register as a sex offender, and the pending criminal complaint against him for failure to register, satisfy the "in custody" requirement. (Filing No. 12.)

## II.  ANALYSIS

Individuals seeking habeas corpus relief from the judgment of a state court must be "in custody." 28 U.S.C. § 2254(b)(1). An incarcerated individual's challenge to the validity of his conviction always satisfies this requirement because the incarceration itself "constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). After the "sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration . . . -some 'collateral consequence' of the conviction-must exist if the suit is to be maintained." *Id.* (citation omitted). Stated another way, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," or his petition is moot. *Id.* (quotation omitted). Collateral consequences which have "negligible effects on a petitioner's physical liberty of movement are insufficient to satisfy the custody requirement." *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) (citing *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989)).

The Eighth Circuit has not yet addressed the issue of whether mandatory registration as a sex offender is a sufficient "collateral consequence" which satisfies the "in custody" requirement. However, numerous other "courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas." *Virsnieks*, 521 F.3d at 717-20 (collecting

---

Pandering conviction which was adjudicated on the merits. Because the Petition is dismissed for other reasons, the court need not reach the successiveness issue.

cases and finding that Wisconsin's sex offender registration requirements are remedial rather than punitive and therefore do not satisfy the "in custody" requirement for habeas corpus claims); *see also* Leslie v. Randle, 296 F.3d 518, 521-23 (6th Cir. 2002) (same finding under Ohio's sex offender registration statute); Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (same finding under California's sex offender registration statute); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (same finding under Oregon's sex offender registration statute); Williamson v. Gregoire, 151 F.3d 1180, 1184-85 (9th Cir. 1998) (same); Davis v. Nassau County, 524 F. Supp. 2d 182, 187-89 (E.D.N.Y. 2007) (collecting cases and finding same under New York's and Oklahoma's sex offender registration statutes).

Where sex offender registration statutes are remedial, rather than punitive, "the registration requirements resemble more closely those collateral consequences of a conviction that do not impose a severe restriction on an individual's freedom of movement" and do not satisfy the 'in custody' requirements." *Virsnieks*, 521 F.3d at 720. Further, "the future threat of incarceration for registrants who fail to comply with the statute is insufficient to satisfy the custody requirement." *Id.* As set forth by the Ninth Circuit:

> Obviously, if [the petitioner] fails to follow the registration requirements of the Washington law, he could be criminally prosecuted, and the resulting sentence might very well limit his movement, for example, through incarceration. But this potentiality for future incarceration, dependent entirely on whether [the petitioner] chooses to obey the Washington statute, actually makes the sex offender law very similar to the restitution orders that other courts have found not to create custody. . . .We do not think that the mere potential for future incarceration, without any present restraint on liberty, can satisfy the "in custody" requirement.

*Williamson*, 151 F.3d at 1184.

4

Here, the Petition specifically alleges that Hansen's "state sentence has been fully served" and that he is "no longer in the custody of the State of Nebraska." (Filing No. 1 at CM/ECF p. 4.) Hansen is therefore not in physical custody as a result of the October 30, 2003 Pandering charge. Liberally construing the Petition, Hansen therefore challenges his Pandering conviction because it serves as the basis for the requirement that he register as a sex offender in Nebraska. The court agrees with the analysis of the numerous other courts facing this issue. As set forth above, registration as a sex offender, and the potential for future incarceration for failure to do so, does not satisfy the "in custody" requirement for habeas relief.[2] This is particularly true where, as here, the sex offender registration statue at issue is not punitive in nature. *State v. Worm*, 680 N.W.2d 151, 161-62 (Neb. 2004) (finding Nebraska sex offender statute not punitive or retributive and holding that "[t]hese requirements pose a lesser burden than revoking a driver's license or a professional license"). Hansen suffers no restriction on freedom of movement merely because he must now register as a sex offender. He is not "in custody" as a result of the October 30, 2003 Pandering conviction and the Petition is therefore dismissed.[3]

IT IS THEREFORE ORDERED that:

---

[2] Hansen may argue that the potential for future incarceration is probable, rather than possible due to the pending Nuckolls County, Nebraska criminal complaint. However, the record before the court shows that those criminal charges are still pending and Hansen has not been convicted of any crime for failure to register under the Nebraska sex offender registration statutes.

[3] To be clear, the court is only dismissing the claims raised in the Petition currently before the court. All of the claims in the Petition relate only to the validity of Hansen's October 30, 2003 Pandering conviction. In the future, Hansen may be convicted of failure to register as a sex offender. While the court makes no specific finding regarding the merits of such hypothetical claims, claims challenging that later conviction should not be considered successive as a result of this Memorandum and Order.

5

1.  Petitioner Richard Otto Hansen's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2.  A separate judgment will be entered in accordance with this Memorandum and Order.

January 26, 2009.   BY THE COURT:

*s/Richard G. Kopf*
United States District Judge